UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JAMES CONTENT,

                              Plaintiff,

                  -against-

CITY OF NEW YORK; Police Officer CARES ALMONTE, Tax ID #942943; Police CARLOS CRUZ, Tax ID #920167; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

12 cv 08721 (JMF)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.    Plaintiff demands a trial by jury in this action.

## **PARTIES**

6.     Plaintiff James Content ("plaintiff" or "Mr. Content") is a resident of Kings County in the City and State of New York.

7.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.     Defendant Police Officer Cares Almonte, Tax ID #942943 ("Almonte"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Almonte is sued in his individual and official capacities.

10.    Defendant Police Officer Police Officer Carlos Cruz, Tax ID #920167 ("Cruz"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Cruz is sued in his individual and official capacities.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 4:00 p.m. on June 11, 2012, plaintiff was lawfully distributing flyers for his employer, Liberty One, in Manhattan, NY.

14. Plaintiff has worked for three years for Liberty One as a newspaper and flyer distributer.

15. Several New York City Police Officers, including defendants Almonte and Cruz, approached plaintiff as he was handing out flyers and told him to move.

16. Plaintiff immediately complied.

17. While complying with the officers' demand, plaintiff asked defendants why they ordered him to move.

18. One of the defendants, a male police officer, responded that he was "just doing his job."

19. A female officer, in apparent retaliation to plaintiff's inquiry, began to interrogate plaintiff.

20. The female defendant officer then asked plaintiff for his identification.

21. Plaintiff complied and while he was searching for his identification, the female officer said, "you're getting smart."

22. Despite the fact that they had no probable cause to arrest plaintiff for committing any crimes or offenses, defendants, including Almonte and Cruz, placed plaintiff under arrest.

23. In so doing, defendants handcuffed plaintiff excessively tightly.

24. Defendants, including Almonte and Cruz, then illegally searched plaintiff and transported him to the police precinct.

25. At the precinct the officers, including Almonte and Cruz, falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff obstructing traffic.

26. At no point did the officers observe plaintiff obstruct traffic.

27. Once at the precinct, plaintiff was placed in a cell.

28. After numerous requests, defendants permitted plaintiff to place a telephone call to his girlfriend.

29. Plaintiff was then placed back into the cell where he remained for a prolonged period of time.

30. Finally plaintiff was issued a desk appearance ticket and was released from custody.

31. Plaintiff went to New York County Criminal Court on several occasions before his criminal charges were adjourned in contemplation of dismissal.

32. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### 42 U.S.C. § 1983

33. Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

34. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

35. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### SECOND CLAIM
### Unlawful Stop and Search

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### THIRD CLAIM
### False Arrest

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
### Unreasonable Force

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### First Amendment Retaliation

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments, the individual defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated plaintiff's First Amendment rights to speech by unlawfully denying his right to speak freely by subjecting him to false arrest and excessive force to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for plaintiff's exercising his First Amendment rights.

47. As a consequence of the individual defendants' actions, plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by defendants done for the purpose of limiting and preventing his First Amendment-protected activities.

48. As a direct and proximate result of the individual defendants' unlawful actions, plaintiff has suffered damages including, physical, mental and emotional

injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### Failure To Intervene

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    May 6, 2013

New York, New York

_____/s/_____
Katherine E. Smith
495 Henry Street, #159
Brooklyn, New York 11231
(347) 470-3707
ksmith@legalsmithny.com

*Attorney for plaintiff*